UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BMW OF NORTH AMERICA, LLC,

                          Plaintiff,

    -against-

ALLEN BENJAMIN,

                          Defendant.

Civil Action No.:

**COMPLAINT**

---

Plaintiff BMW OF NORTH AMERICA, LLC ("BMW NA"), a Delaware Limited Liability Company, by its attorneys, Biedermann Hoenig Semprevivo, A Professional Corporation, as and for its Complaint against Defendant ALLEN BENJAMIN, alleges as follows:

## **GENERAL ALLEGATIONS**

1.      At all relevant times hereinafter mentioned, BMW NA, was and is a limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware, and an entity authorized to conduct business in the State of New York.

2.      At all relevant times hereinafter mentioned, Defendant was and is a resident of the State of New York.

3.      At all relevant times hereinafter mentioned, Defendant was and, upon information and belief, is residing at 1556 Dahill Road, Apartment A1, Brooklyn, New York 11204.

## **JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that the action arises under 49 U.S.C. § 32701 *et seq.* This Court may exercise supplemental jurisdiction over the remaining causes of action set forth in the Complaint pursuant to 28 U.S.C. § 1367.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) because: (1) Defendant resides in this District; and (2) a substantial part of the events or omissions giving rise to the claim occurred in this District.

**The 2023 BMW M5 Vehicle**

6.      On or about November 19, 2022, Defendant executed and delivered to BMW of Ramsey ("Dealer"), for valuable consideration, a written Motor Vehicle Lease Agreement ("Lease Agreement"), for the use of certain personal property described as a 2023 BMW M5 with Vehicle Identification Number WBS83CH00MCF13863 (the "Vehicle"). A copy of the Lease Agreement is attached hereto as **Exhibit "1"** and incorporated by reference herein.

7.      Defendant took possession of the Vehicle at the time of execution of the Lease Agreement on or about November 19, 2022.

8.      Pursuant to the Lease Agreement, Defendant agreed to make thirty-six (36) monthly base payments in the amount of $2,130.89, plus applicable fees and taxes, commencing on November 19, 2022, up until the maturity date of November 19, 2025. *See* Exhibit "1".

9.      Paragraph 11 of the Lease Agreement sets forth a penalty for excess wear, whereby, at lease end, Defendant is charged for mileage in excess of 30,000 miles at the rate of $0.30 per mile. *See* Exhibit "1".

10.     Paragraph 19 of the Lease Agreement states: "If the Vehicle's odometer becomes inoperative or malfunctions, or you discover any signs of alteration or tampering, you agree to notify us and have the odometer repaired or replaced within 30 days of such malfunction, repair, or replacement".

11.     Paragraph 21 of the Lease Agreement states: "If the odometer was tampered with or otherwise does not work correctly and you cannot prove the mileage shown on the odometer,

2

you agree to pay us our reasonable estimate of any reduction in the Vehicle's fair market value caused by the inability to determine the Vehicle's actual mileage." *See* Exhibit "1".

12. On or about August 27, 2024, Defendant filed under the New York State Attorney General Office's Lemon Law Arbitration Program ("NYSDRA") a Request for Arbitration Form against BMW NA. A copy of the Request for Arbitration is attached hereto as **Exhibit "2"** and incorporated by reference herein.

13. In relevant part, the Request for Arbitration alleged that the Vehicle was repaired at least eight times within New York State's Lemon Law coverage period, i.e., 18,000-miles. Gen. Bus. Law § 198-a(d). The Request for Arbitration further alleges the current mileage was 17,308.

14. The NYSDRA arbitration was held on October 10, 2024.

15. A decision and award were rendered for Defendant on October 15, 2024, based on the arbitrator's finding that there were 4 or more repair attempts for the same problem within the 18,000 miles or 24 months, whichever is earlier. A copy of the Arbitration Decision is attached hereto as **Exhibit "3"** and incorporated by reference herein.

16. Pursuant to the Arbitration Decision and the Lemon Law, BMW NA refunded the Defendant by remitting $37,450.02 to Defendant and $102,122.05 to the Vehicle's lessor, for a total of $139,572.47. The remittances were calculated based on the Vehicle's mileage at the time, which the odometer showed to be 18,666. *See* Exhibit "3".

17. In return, the Vehicle was surrendered to BMW NA, which became the Vehicle's titled owner.

18. To prepare the Vehicle for auction after its reacquisition, BMW NA conducted a physical inspection, which revealed excessive damage to the Vehicle in violation of the Lease Agreement. *See* Exhibit "1".

3

19. By BMW NA's estimate, the repairs to the Vehicle would cost an additional $6,849.55.

20. In or about August 2025, while the Vehicle was being prepared for auction, Defendant appeared at the auction site and represented his interest in purchasing the Vehicle.

21. While at the auction site, Defendant admitted to a BMW NA employee that he had installed an odometer tampering device in the Vehicle. While the Vehicle's odometer at the time showed 19,035 miles, Defendant admitted the true mileage was actually around 50,000 miles.

22. Upon Defendant's admission, the Vehicle was not sold and was re-inspected. BMW NA discovered, amongst other things, various physical signs indicating odometer tampering.

23. As a result of the odometer tampering, BMW NA is unable to accurately ascertain the true mileage of the Vehicle.

24. Because BMW NA is now aware of odometer tampering and cannot accurately represent the true mileage of the Vehicle to any prospective buyer, under Federal and State Law, BMW NA must now sell the Vehicle as "*true mileage unknown*" or "*TMU*", which significantly depreciates the value of the Vehicle in a sum uncertain that cannot be determined until sold.

25. By Defendant's own admission, he directly or indirectly caused or caused to occur or knew of the odometer tampering prior to initiating his Request for Arbitration, in violation of multiple Federal and State Laws, as well as the Lease Agreement.

## FIRST CAUSE OF ACTION
### (Federal Odometer Act)

26. BMW NA repeats and realleges each allegation in Paragraphs 1 through 25, as if the same were set forth at length herein.

27. Defendant violated the Federal Odometer Act, 49 U.S.C. § 32703 with respect to the Vehicle by altering or causing to be altered its odometer with the intent to change the number of miles indicated thereon.

28. Defendant, transferors under the Federal Odometer Act, further violated 49 U.S.C. § 32705 by failing to provide accurate disclosures to BMW NA, the transferee, at the time the Vehicle was repurchased.

29. Defendant violated the Federal Odometer Act, 49 U.S.C. § 32703 with the intent to defraud.

30. As a result of the above violations of the Federal Odometer Act, pursuant to 49 U.S.C. § 32710, Defendant is liable to BMW NA in the sum of three times its actual damages, or $10,000, whichever is greater, along with reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Fraud)

31. BMW NA repeats and realleges each allegation in Paragraphs 1 through 30, as if the same were set forth at length herein.

32. By his own admission, Defendant allowed his NYSDRA claim to be arbitrated with full knowledge that the odometer reading was inaccurate due to odometer tampering, and that the Vehicle's excess mileage rendered it ineligible for adjudication by NYSDRA.

33. By his own admission, Defendant allowed the Vehicle to be repurchased by BMW NA pursuant to the Arbitration Decision with full knowledge that the odometer reading was inaccurate due to odometer tampering.

34. Upon information and belief, Defendant intentionally withheld such information from BMW NA as to the Vehicle's true odometer reading in order to avoid paying excess mileage

5

fees owed in accordance with the Lease Agreement, and to minimize a potential mileage offset from the Arbitration Decision.

35.    BMW NA reasonably and justifiably relied on Defendant's misrepresentations and/or material omissions as to the true mileage of the Vehicle and his intention to adhere to the terms of the Lease Agreement.

36.    As a result, BMW NA has been damaged in a sum uncertain and yet to be determined according to proof, because the Vehicle now has to be sold as "*true mileage unknown*", which significantly depreciates the value of the Vehicle; Defendant avoided paying excess mileage fees pursuant to the Lease Agreement; and BMW NA was defrauded into repurchasing the Vehicle pursuant to an Arbitration Decision which would not have been rendered if not for Defendant's fraud.

**THIRD CAUSE OF ACTION**
**(Trespass to Chattels)**

37.    BMW NA repeats and realleges each allegation in Paragraphs 1 through 36, as if the same were set forth at length herein.

38.    By his own admission, Defendant knowingly and intentionally caused physical interference, dispossession, and or intermeddled with the use and enjoyment of BMW NA's property.

39.    By his own admission, Defendant, without justification or consent, caused physical interference, dispossession and or intermeddled with the use and enjoyment of BMW NA's property.

40.    Upon information and belief, Defendant knew that such physical interference, dispossession and intermeddling of BMW NA's property would result in harm to BMW NA's property.

6

41.    As a result of the damage to the Vehicle, BMW NA has been damaged in a sum uncertain and yet to be determined according to proof, because the Vehicle will have to be sold as "*true mileage unknown*", which significantly depreciates the value of the Vehicle, and because Defendant avoided paying excess mileage fees pursuant to the Lease Agreement.

**WHEREFORE**, BMW NA demands judgment against Defendant ALLEN BENJAMIN on the First, Second, and Third Causes of Action in a sum to be determined constituting the economic harm sustained as a result of Defendant's conduct; together with treble damages, the interest, costs, and disbursements of this action, and such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: New York, New York
         October 24, 2025

BIEDERMANN HOENIG SEMPREVIVO,
A Professional Corporation

By:      /s/ Steven A. Andreacchi
              Steven A. Andreacchi

One Grand Central Place
60 East 42nd Street, 36th Floor
New York, New York 10165
Tel: (646) 218-7560
Email: Steven.Andreacchi@lawbhs.com

*Attorneys for Plaintiff*
*BMW of North America, LLC*

7