UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BMW OF NORTH AMERICA, LLC,

Plaintiff,

-against-

ALLEN BENJAMIN,

Defendant.
------------------------------------------------------------------------X

Index No.: 25-cv-05976

ANSWER WITH AFFIRMATIVE DEFENSES

Defendant, Allen Benjamin ("Defendant"), by his attorneys, Kasell Law Firm, responds to Plaintiff's amended complaint (the "Complaint") as follows:

## GENERAL ALLEGATIONS

1. Defendant, lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.
2. Defendant admits that he is a resident of the state of New York.
3. Defendant denies the allegations contained in paragraph 3 of the Complaint, except admits that he has resided and does reside at 1556 Dahill Rd., Apartment A1, Brooklyn, NY 11204.

## JURISDICTION AND VENUE

4. The allegations contained in paragraph 4 of the Complaint represent legal conclusions rather than allegations of fact, and therefore do not require a response by way of admission or denial. However, to the extent a response is required Defendant denies same.

5. Defendant, lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

**The 2023 BMW M5 Vehicle**

6. Defendant denies the allegations contained in paragraph 6 of the Complaint, and refers to the Lease Agreement for its contents.
7. Defendant admits the allegations contained in paragraph 7 of the Complaint.
8. Defendant denies the allegations contained in paragraph 8 of the Complaint, and refers to the Lease Agreement for its contents.
9. Defendant denies the allegations contained in paragraph 9 of the Complaint and refers to the Lease Agreement for its contents.
10. Defendant denies the allegations contained in paragraph 10 of the Complaint and refers to the l Lease Agreement for its contents.
11. Defendant denies the allegations contained in paragraph 11 of the Complaint and refers to the lease for its contents.
12. Defendant admits the allegations contained in paragraph 12 of the Complaint.
13. Defendant admits the allegations contained in paragraph 13 of the Complaint, and refers to the Request for Arbitration for its contents.
14. Defendant admits the allegations contained in paragraph 14 of the Complaint.
15. Defendant admits the allegations contained in paragraph 15 of the Complaint.
16. Defendant admits the allegations contained in paragraph 16 of the Complaint and refers to the Arbitration Decision for its contents.

17. Defendant, lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint but admits that he surrendered the vehicle.

18. Defendant, lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint but denies there was excessive damage to the vehicle in violation of the Lease Agreement.

19. Defendant, lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint. To the extent Paragraph 24 contains legal conclusions regarding Federal and State Law, no response is required.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

## FIRST CAUSE OF ACTION
## (Federal Odometer Act)

26. Defendant incorporates by reference his prior responses to paragraphs 1-25 of the Complaint in response to paragraph 26.

27. The allegations contained in paragraph 27 of the Complaint represent legal conclusions rather than allegations of fact and therefore, do not require a response by way of admission or denial. However, to the extent that a response is required Defendant denies same.

28. The allegations contained in paragraph 28 of the Complaint represent legal conclusions rather than allegations of fact and therefore, do not require a response by way of admission or denial. However, to the extent that a response is required Defendant denies same.

29. The allegations contained in paragraph 29 of the Complaint represent legal conclusions rather than allegations of fact and therefore, do not require a response by way of admission or denial. However, to the extent that a response is required Defendant denies same.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

## SECOND CAUSE OF ACTION
## (Federal Odometer Act)

31. Defendant incorporates by reference his prior responses to paragraphs 1-30 of the Complaint in response to paragraph 31.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

## THIRD CAUSE OF ACTION
## (Trespass to Chattels)

37. Defendant incorporates by reference his prior responses to paragraphs 1-36 of the Complaint in response to paragraph 37.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint misidentifies the "Vehicle" and is therefore, vague.
2. The Complaint fails to state a claim upon which relief can be granted.
3. The fraud claim is not pled with particularity as required by Rule 9(b).
4. Plaintiff fails to establish intent to defraud under the Federal Odometer Act.
5. Any damages were not proximately caused by Defendant.
6. Plaintiff's alleged damages are speculative and not yet realized.
7. Plaintiff failed to mitigate its damages.
8. Plaintiff's claims are barred by estoppel and/or waiver.
9. Plaintiff's conduct bars equitable relief.
10. Any recovery must be reduced by amounts owed or benefits received.
11. Plaintiff's claims are barred or limited by prior arbitration findings.
12. Any damages were caused in whole or part by Plaintiff or third parties.

WHEREFORE, Defendant hereby demands judgment:

i. Dismissing Plaintiff's Complaint; and

ii. For costs, interest, disbursements, and attorneys' fees incurred herein.

DATED: Long Island City, New York
April 14, 2026

/s/__________________
David M. Kasell, Esq.

Kasell Law Firm
*Attorneys for Defendant*
1038 Jackson Avenue, #4
Long Island City, NY 11101
(718) 404-6668