# Kasell Law Firm

September 14, 2026

***via CM/ECF***

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *BMW of North America, LLC v. Allen Benjamin*, No. 1:25-cv-05976 (KAM) (PCG) (E.D.N.Y.): Request for a Pre-Motion Conference on Defendant's Motion for a New Arbitration Under Local Civil Rule 83.7**

Dear Judge Matsumoto:

This firm represents Defendant Allen Benjamin. Pursuant to Section III.B of Your Honor's Chambers Practices, Defendant requests a pre-motion conference on a motion for a new arbitration: an order relieving the current arbitrator, directing the parties to select a new one, and resetting the arbitration schedule under Local Civil Rule 83.7(e)(1) and (f)(1), with the post-hearing submission Plaintiff BMW of North America, LLC ("BMW") filed on the docket this afternoon (ECF Nos. 22 to 22-4) stricken.

The ground is that BMW violated the disclosure timing the Court's arbitration rules impose at every stage: it exchanged **nothing** by the exhibit deadline, served its initial disclosures **after** discovery closed, identified a second witness **less than an hour** before the hearing, and then, five days after the hearing closed, filed new damages evidence that Defendant could neither evaluate nor object to. Defendant has no objection to referral of any part of this application to Magistrate Judge Cross-Goldenberg under Section III.A.

**1. The rules.** Parties in court-annexed arbitration "are charged with knowledge of the local rules and the procedures of the Arbitration Program." Procedures § 1. Rule 83.7(f)(5) requires that copies of all exhibits "be marked for identification and delivered to adverse parties at least 14 days before the hearing," gives the adverse party until seven days before the hearing to object, and lets the arbitrator refuse any exhibit not so delivered. *Accord* Procedures § 5(g). Rule 83.7(f)(4) requires testimony "under oath or affirmation," and Rule 83.7(f)(5) makes the Federal Rules of Evidence the guide to admissibility. Procedures § 3(c) gives the parties ninety days from the notice setting the hearing to complete discovery, and the Federal Rules of Civil Procedure govern that discovery: Rule 26(a)(1)(A)(i)



1038 Jackson Avenue #4 • Long Island City, New York 11101
Phone 718.404.6668

requires a party to identify, without awaiting a request, each individual it may use to support its claims; Rule 26(a)(1)(A)(iii) requires a computation of each category of damages and the documents on which it is based; and Rule 37(c)(1) bars an undisclosed witness or document "at a hearing."

**2. The violations, in order.** The May 18, 2026, Minute Order closed fact discovery on August 3, 2026. The arbitrator, Richard H. Silberberg, Esq., rescheduled the hearing to September 9, 2026 (Docket Entry, July 31, 2026; ECF No. 19), fixing the Rule 83.7(f)(5) exhibit deadline at August 26, 2026. BMW exchanged nothing by that date. On September 3, 2026, after discovery had closed, it served its first Rule 26(a)(1) disclosures, naming one witness, "Liam Allen, Technician," and computing no damages.

At 9:13 a.m. on September 9th, less than an hour before the hearing, it disclosed for the first time that it would also call Efrain Lopez, a BMW engineer who appears nowhere in its initial disclosures, and its interrogatory responses remain outstanding, as its counsel confirmed in writing that afternoon. Defendant, relying on the rules, rested on the insufficiency of BMW's proof and objected to Mr. Lopez in writing to the arbitrator the same day. Summations were due today.

Instead of a summation, BMW filed on ECF a "Post-Arbitration Statement of Damages," a declaration of its counsel, and three exhibits never exchanged with Defendant, demanding **$552,437.95**. Every figure rests on counsel's declaration, sworn "to the best of my knowledge and belief" from "the client file," and on the new exhibits; one of them, a 28-page "Warranty Vehicle Inquiry" (ECF No. 22-1), is stamped as generated at 1:47 p.m. on September 14, 2026, the afternoon it was filed. It also asserts an **unpleaded** lease-breach claim and demands more than three and a half times the $150,000 ceiling of Rule 83.7(d)(1) and Procedures § 6(a).

**3. Why the remedy is a new arbitration.** The post-hearing filing cannot be cured by objection. It was not delivered fourteen days before the hearing; Defendant's seven-day window to object expired before the principal exhibit existed; no witness can be cross-examined about a declaration; and the material is hearsay, Fed. R. Evid. 801(c), 802, and unauthenticated, Fed. R. Evid. 901(a). It was also filed on the public docket rather than delivered to the arbitrator, contrary to Local Civil Rule 83.7(g)(2) and (h)(3) and Procedures §§ 6(f) and 7(c). The arbitrator has now received an unsworn, unexchanged damages presentation on a record on which Defendant rested. If he disregards it, BMW has lost nothing by filing it; if he considers it in any degree, Defendant has lost every protection Rule 83.7(f) provides. The Court can restore the position the rules guaranteed: the periods in Rule 83.7(e)(1) and (f)(1) "may be modified by the court for good cause shown" (*accord* Procedures § 3(f)); Procedures § 3(l) provides for the parties to select another arbitrator when the assigned one steps aside; and Rule 83.7(f)(3) and Procedures §



1038 Jackson Avenue #4 • Long Island City, New York 11101
Phone 718.404.6668

5(d) authorize sanctions against a party that "fails to participate in the arbitration process in a meaningful manner."

A party that misses every disclosure deadline the rules set and then tries to prove its damages by attorney declaration after the record closes has not participated meaningfully. Good cause exists for a new hearing, on a properly disclosed record, before an arbitrator who has not received the improper submissions.

**4. Relief and proposed schedule.** Defendant will move for an order (a) striking ECF Nos. 22 to 22-4, or alternatively sealing them, and directing that no arbitrator consider them; (b) relieving Mr. Silberberg, with no suggestion of fault on his part, and directing the parties to file a Selection of Arbitrator form within thirty days under Procedures § 3(g) to (i); (c) directing BMW to serve its interrogatory responses, a Rule 26(a)(1)(A)(iii) damages computation with the supporting documents, and any supplemental Rule 26(a)(1) disclosures within fourteen days; (d) rescheduling the hearing not less than sixty days after that date, with exhibits exchanged fourteen days before it under Rule 83.7(f)(5); (e) precluding under Rule 37(c)(1) any witness, exhibit, or damages computation not disclosed within those deadlines; and (f) confirming that any award remains subject to the $150,000 limit absent written consent of both parties. If the Court dispenses with a conference, Defendant proposes service of the motion within fourteen days of the Court's order, opposition fourteen days thereafter, and reply seven days after that. BMW's counsel was not consulted before this letter was filed because the relief turns on a filing made hours ago. Moreover, after the hearing, I offered to submit to a new arbitration and BMW's counsel declined.

We thank the Court for its attention to this matter.

Respectfully submitted,
**Kasell Law Firm**

By: /s/ David M. Kasell
David M. Kasell
*Attorney for Defendant Allen Benjamin*

cc: All counsel (via CM/ECF); ADR Department and Arbitrator (via email)



1038 Jackson Avenue #4 • Long Island City, New York 11101
Phone 718.404.6668