# Kasell Law Firm

September 15, 2026

***via CM/ECF***

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *BMW of North America, LLC v. Allen Benjamin*, No. 1:25-cv-05976 (KAM) (PCG) (E.D.N.Y.): Request for a Pre-Motion Conference on Defendant's Motion Concerning Plaintiff's $552,437.95 Demand, Arbitration Eligibility Under Local Civil Rule 83.7(d), and Sanctions Under 28 U.S.C. § 1927**

Dear Judge Matsumoto:

This firm represents Defendant Allen Benjamin. Pursuant to Section III.B of Your Honor's Chambers Practices, Defendant requests a pre-motion conference on a second motion, distinct from the one described in ECF No. 23. The issue is the amount Plaintiff BMW of North America, LLC ("BMW") now seeks. Five days after the arbitration hearing closed, BMW demanded $552,437.95 (ECF No. 22-4 at 3), more than three and a half times the $150,000 ceiling that defines the compulsory arbitration program, and it has since told the Court that its damages "could easily" have been ascertained from the pleadings (ECF No. 24 at 1). If so, BMW knew at filing that its claim exceeded the ceiling, chose not to certify it, and disclosed its number only after the record closed. Defendant asks the Court to hold BMW to the position it took to obtain the referral or, alternatively, to shift the cost of the arbitration to BMW.

**1. The rule.** Local Civil Rule 83.7(d)(1) makes arbitration compulsory for civil cases seeking money damages "not in excess of $150,000.00 exclusive of interest and costs." Rule 83.7(d)(3) presumes damages do not exceed that amount unless plaintiff's counsel, "at the time of filing the complaint," certifies that they do. Rule 83.7(e)(2) and Procedures § 2(e) allow exemption applications within twenty-one days of the hearing notice, and Procedures § 6(a) caps any award at $150,000 absent all parties' written consent delivered before the hearing.

**2. What BMW did.** BMW filed its complaint on October 24, 2025, with an incomplete civil cover sheet. On October 27, 2025, the Clerk directed BMW to resubmit a completed sheet "including the SECOND PAGE," the page carrying the Certification of Arbitration Eligibility. BMW resubmitted it the same day, leaving



1038 Jackson Avenue #4 • Long Island City, New York 11101
Phone 718.404.6668

the “Demand $” field blank (ECF No. 2). On the certification, BMW’s counsel did not check the box for damages “in excess of $150,000.00”; he checked “otherwise ineligible for the following reason” and wrote: “damage in a sum uncertain and yet to be determined according to proof.” (ECF No. 2 at 2.) On October 28, 2025, the Clerk referred the case, noting that “[d]amages are presumed to be less than $150,000 unless counsel certify that damages exceed the statutory limit” (ECF No. 6). BMW then amended its complaint on March 31, 2026 (ECF No. 13), again pleading damages as “a sum uncertain” (Am. Compl. ¶ 36) and again certifying nothing. The April 21, 2026, hearing notice advised that any application for exemption from compulsory arbitration “must be submitted no later than 21 days after receipt” (ECF No. 15); BMW made none. It sought no consent to an award above $150,000 under Procedures § 6(a), served initial disclosures on September 3, 2026, with no damages computation, and proceeded through the September 9 hearing without stating a number. On September 14, 2026, it filed a demand for $552,437.95 (ECF No. 22-4 at 3). And on September 15, 2026, BMW represented to the Court that the pleadings “include monetary values from which defendant could easily ascertain an estimate of the damages being claimed” and that any claim of unawareness of “the monetary value of this lawsuit is ludicrous” (ECF No. 24 at 1).

**3. Why this warrants a motion.** BMW’s two positions cannot both be true. If, as BMW now says, its damages were readily calculable from the day it filed, then “a sum uncertain” was not an accurate certification, either at the Clerk’s prompting or when BMW amended five months later, and Rule 83.7(d)(3)(A) required BMW to certify that its damages exceeded $150,000. Had it done so, none of what followed would have occurred. If instead BMW’s damages are uncertain, it had no basis to demand $552,437.95 from an arbitrator who cannot award it. Either way, BMW used a proceeding it was not entitled to use for this claim.

Three consequences follow. First, BMW is judicially estopped from seeking more than $150,000 in this action. Judicial estoppel bars a party from taking a position clearly inconsistent with one it took earlier, where the earlier position was adopted by the court and the change would give the party an unfair advantage. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001); *DeRosa v. Nat’l Envelope Corp.*, 595 F.3d 99, 103 (2d Cir. 2010). BMW twice certified an uncertain sum rather than a claim over $150,000; the Clerk adopted that position by applying the Rule 83.7(d)(3) presumption and referring the case; and BMW took the benefit of the referral for eleven months, through a hearing at which Defendant rested in reliance on the ceiling, before announcing a figure more than three and a half times higher. Second, if BMW maintains that its claim is worth what its filing says, the case was ineligible for the program and the eleven months spent in it were BMW’s doing. Third, in that event, 28 U.S.C. § 1927 authorizes the Court to require an attorney who “multiplies the proceedings in any case unreasonably and vexatiously” to satisfy personally the excess costs, expenses, and attorneys’ fees reasonably



1038 Jackson Avenue #4 • Long Island City, New York 11101
Phone 718.404.6668

incurred because of that conduct. *See Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). Certifying a claim as uncertain, litigating it under a $150,000 ceiling, then demanding $552,437.95 while calling the number easy to calculate meets that standard.

**4. Relief and proposed schedule.** Defendant will move for an order (a) holding BMW judicially estopped from seeking damages in this action in excess of $150,000 exclusive of interest and costs, and striking its demand to that extent; (b) directing BMW to state, within seven days, whether it certifies under Rule 83.7(d)(3) that its damages exceed $150,000; (c) if BMW so certifies, finding that the case was ineligible for compulsory arbitration and that BMW's failure to certify at filing needlessly multiplied these proceedings, and awarding Defendant the attorneys' fees and costs of the arbitration under 28 U.S.C. § 1927, Rule 83.7(f)(3), and the Court's inherent authority. Defendant proposes service of the motion within fourteen days of the Court's order, opposition fourteen days later, and reply seven days after that.

Defendant respectfully acknowledges and appreciates the Court's authority to manage its docket through pre-motion conferences, which can materially assist the parties and the Court by narrowing disputes, clarifying the issues, and avoiding unnecessary briefing. Second Circuit precedent also indicates, however, that a pre-motion procedure ordinarily should not be applied in a manner that effectively prevents a party from presenting a motion authorized by the Federal Rules. *See Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987); *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 39 (2d Cir. 1995); *Kowalchuck v. Metro. Transp. Auth.*, 94 F.4th 210, 214 to 215 (2d Cir. 2024). Defendant therefore respectfully requests guidance from the Court as to whether the pre-motion conference may be scheduled promptly or, in the alternative, whether Defendant may proceed with filing the proposed motion on a briefing schedule set by the Court.

We thank the Court for its attention to this matter.

Respectfully submitted,
**Kasell Law Firm**

By: /s/ David M. Kasell

David M. Kasell
*Attorney for Defendant Allen Benjamin*
1038 Jackson Avenue, Suite #4
Long Island City, New York 11101
Office: (718) 404-6668
Email: david@kaselllawfirm.com

cc: All counsel of record (via CM/ECF)